**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TIMOTHY BERNARD WINGFIELD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:24-cv-234-TES-CHW** |
| | : | |
| **JOSHUA ANDREWS,** | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendant.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

**ORDER**

Defendant Joshua Andrews has filed two discovery-related motions in this case. On March 23, 2026, Defendant filed a motion for leave to take Plaintiff's deposition, pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure.[1] (Doc. 28). On June 12, 2026, Defendant filed a motion to compel (Doc. 29), contending that Plaintiff failed to respond to discovery requests served on Plaintiff on March 23, 2026. (Doc. 29). Plaintiff has not directly responded to either motion, but on July 2, 2026, Plaintiff filed a motion for appointment of counsel (Doc. 30), in which he generally contends that certain materials requested by Defendant include protected health information.

As an initial matter, both of Defendant's motions would be subject to denial because they are untimely. As set forth in the Court's screening order and recommendation, discovery was to be "completed within 90 days of the date of the filing of an answer or dispositive motion by the Defendant (*whichever comes first*) unless an extension is otherwise granted…." (Doc. 11, p. 14) (emphasis added). The dispositive motions' deadline expired 120 days from the beginning of the

[1] Because Plaintiff is incarcerated in Macon State Prison, pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure the Court must grant leave for his deposition to be taken.

discovery period. (*Id.*, p. 15). Defendant filed a motion to dismiss on July 1, 2025, but did not move to stay discovery. *See* (Doc. 18). This means, under the terms of the Court's scheduling order, that the discovery period was running while the motion to dismiss was pending and expired on September 29, 2025. The motion for leave to depose Plaintiff, filed on March 23, 2026, was filed well outside this discovery period.

Defendant's motions would be untimely even if discovery had commenced on the date Defendant filed his answer. After the Court denied his motion to dismiss (Docs. 23, 24), Defendant filed an answer on December 15, 2025. (Doc. 25). If discovery commenced on this date, the discovery period expired 90 days later, on March 16, 2026.[2] Defendant filed the motion for leave to take Plaintiff's deposition one week later, without addressing the expired discovery period. Defendant served Plaintiff with discovery requests on the same date, after the expiration of the discovery period. It appears likely that Defendant did not consider the discovery period or dispositive motion deadline at all because even the proposed date for Plaintiff's deposition, April 28, 2026, fell after the April 14, 2026, dispositive motion deadline of this later discovery period.

Nevertheless, in the interests of justice, the Court will allow Defendant to take Plaintiff's deposition out of time. Accordingly, Defendant's motion for leave to take Plaintiff's deposition (Doc. 28) is **GRANTED**. Defendant shall schedule Plaintiff's deposition to take place no later than January 15, 2027, after which no further discovery will be authorized. Dispositive motions shall be due no later than February 16, 2027.

Defendant's motion to compel (Doc. 30) is hereby **DENIED** as untimely. With the exception of certain documents, most of the information sought in Defendant's discovery requests can be obtained by oral questions during Plaintiff's deposition. Plaintiff's motion for appointment

---

[2] Ninety days from Defendant's answer, March 15, 2026, was a Sunday.

of counsel is also **DENIED**, for the reasons set forth in the Court's prior order denying the appointment of counsel. (Doc. 27).

**SO ORDERED**, this 20th day of November, 2026.

s/ Charles H. Weigle__________
Charles H. Weigle
United States Magistrate Judge